United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DIGITAL-UNI, et al.,

Plaintiffs,

v.

TURBIFY, et al.,

Defendants.

Case No. 25-cv-04094-NC

**ORDER DENYING IFP APPLICATION WITHOUT PREJUDICE; GRANTING LEAVE TO AMEND; GRANTING IN PART AND DENYING IN PART MOTION TO PROCEED PRO SE; DENYING APPOINTMENT OF COUNSEL**

Re: ECF 1, 2, 3, 4, 5

On May 12, 2025, Plaintiffs Digital-UNI, Nano-TechPower, Inc., Digital Wireless, and Mr. Brahim Boumakh filed a civil lawsuit against Defendants Turbify, Yahoo Small Business, and Verizon Web Hosting. ECF 1. Mr. Boumakh filed an application to proceed "in forma pauperis" (IFP). ECF 3. Mr. Boumakh also moved to proceed pro se, requested appointment of counsel to supervise his "AI-assisted representation," and requested appointment of counsel generally. ECF 4; ECF 5.

This Order denies Mr. Boumakh's IFP application without prejudice. This Order also screens Plaintiffs' Complaint and grants them leave to file an amended complaint by June 20, 2025. This Order also allows Mr. Boumakh to represent himself, but not to

represent Digital-UNI, Nano-TechPower, or Digital Wireless. This order also denies both Mr. Boumakh's requests for the appointment of counsel. This Order also warns Plaintiffs that Digital-Uni, Nano-TechPower, and Digital Wireless must secure licensed counsel to continue with their claims.

## I. THE COURT DENIES MR. BOUMAKH'S IFP APPLICATION

A district court may authorize a plaintiff to commence a civil action "in forma pauperis" if the court is satisfied that the plaintiff cannot pay the filing fees required to pursue the action. 28 U.S.C. § 1915(a)(1). The Court reviews Mr. Boumakh's IFP application.

Mr. Boumakh's IFP application is not in compliance with the Northern District of California's Local Rules. To move to proceed in forma pauperis, a plaintiff must file an "affidavit or declaration under penalty of perjury providing the information required by Title 28 U.S.C. § 1915, on a form available at the Office of the Clerk and on the Court's website, or an equivalent form." N.D. Cal. Civ. L.R. 3-10(b)(2). Mr. Boumakh did not do so here. Mr. Boumakh did not use the appropriate form, and his declaration lacked responses to the information requested in the required form. *Id.* For example, Mr. Boumakh did not specify how much income or liquid assets he has, or what his monthly obligations and existing financial strain are. *Id.* The Court therefore cannot assess his application.

Mr. Boumakh's IFP application at ECF 3 is DENIED without prejudice. Mr. Boumakh may file a new IFP application in accordance with the Local Rules, or he must pay the filing fee. The Court points Mr. Boumakh to the Court's website at https://cand.uscourts.gov/wp-content/uploads/forms/civil-forms/Application-to-Proceed-In-Forma-Pauperisnon-prisoner.pdf to find the proper form to complete.

## II. THE COURT GRANTS PLAINTIFFS LEAVE TO AMEND THEIR COMPLAINT.

Next, the Court screens the Complaint. 28 U.S.C. § 1915(e)(2) requires the Court to screen a complaint filed by a person proceeding "in forma pauperis" who is unable to pay

United States District Court
Northern District of California

the filing fees. In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Additionally, a plaintiff may amend the complaint once "as a matter of course" before serving the defendant with the complaint. Fed. R. Civ. P. 15(a)(1).

A civil action is commenced by filing a "complaint." Fed. R. Civ. P. 3. Federal Rules of Civil Procedure 8, 9, 10, and 11 generally set forth requirements for the complaint. The Court identifies the following deficiencies in Plaintiffs' Complaint:

1. **Plaintiffs must establish a basis for subject matter jurisdiction.** Plaintiffs filed their Complaint in federal court. Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To bring a case in federal court, a plaintiff must adequately allege that the complaint meets the requirements for (1) federal question jurisdiction or (2) diversity jurisdiction. Federal question jurisdiction requires plaintiffs to specify a federal law that the defendant violated. 28 U.S.C. § 1331. Diversity jurisdiction requires that parties are not from the same state and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Plaintiffs indicate that there is diversity jurisdiction in this case but fail to sufficiently allege the citizenships of Mr. Boumakh and all Defendants. While Plaintiffs generally allege that the parties are domiciled in "different states," the Court cannot assess complete diversity without knowing Mr. Boumakh's and the Defendants' state citizenship. ECF 1 at 2; *see Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (finding that failing to specify a party's state citizenship is fatal to the assertion of diversity jurisdiction). Thus, to establish diversity jurisdiction, Plaintiffs must allege each party's

United States District Court
Northern District of California

citizenship. To establish federal question jurisdiction, Plaintiffs must clarify which federal laws they allege Defendants violated.

2. **Plaintiffs must meet the organizational requirements for a complaint.** Federal Rule of Civil Procedure 10(b) requires a complaint to state the claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Plaintiffs' Complaint appears to be spread across two different documents, one of which is not organized into numbered paragraphs. ECF 1; ECF 2. Further, their Complaint at ECF 1 includes scattered narrative statements on what appears to be exhibits—these are not organized into numbered paragraphs, and many of the statements are unreadable because they are in yellow highlighter. *See, e.g.*, ECF 1 at 13, 15, 17, 23.

3. **Plaintiffs must provide concise statements of facts and events.** Federal Rule of Civil Procedure 8(d)(1) requires that each allegation of the complaint be "simple, concise, and direct." While the Court will interpret a self-represented plaintiff's allegations in the interest of justice, Defendants need to be able to fairly respond to the allegations. Here, the Complaint does not give a sufficient narrative description of facts and events such that Defendants would be on notice. For example, Plaintiffs do not specify which service agreements were breached. ECF 1 at 5. Further, the scattered statements included with the exhibits do not coherently give a narrative of what occurred and lacks clear sentences.

4. **Plaintiffs must show they are entitled to relief.** Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contains a "short and plain statement of the claim showing that the pleader is entitled to relief." Here, Plaintiffs' Complaint does not explain how each of the Plaintiffs is entitled to relief, nor does it specify which Defendant did what. *See, generally*, ECF 1 (referring to "Plaintiffs" and "Defendants" without specifying which plaintiff or which defendant). Thus, the Court is unable to discern how each plaintiff was harmed. Plaintiffs must clarify how each plaintiff was harmed such that they are entitled to relief.

5. **Plaintiffs must clarify what laws they are seeking relief under.** Plaintiffs "invoke various consumer protection statutes and technological standards, including the Digital Millennium Copyright Act" in ECF 1 and refers to other violations of law such as retaliation in ECF 2. However, it is not clear whether Plaintiffs are bringing claims under those laws and/or other additional laws. Plaintiffs must clarify what law(s) they are seeking relief under, which Defendants they allege violated which law(s), and why they are entitled to that relief under the law(s) they identify in accordance with Federal Rule of Civil Procedure 8(a)(2).

6. **Plaintiffs must make best efforts to ensure the accuracy of their citations**. The Court notes that all of the cases cited in Plaintiffs' Complaint do not exist. ECF 1 at 7. The Court reminds Plaintiffs of their Federal Rule of Civil Procedure 11 obligation to certify to the best of their knowledge, information, and belief, that their claims are "warranted by existing law."

The Court therefore GRANTS Plaintiffs leave to amend their Complaint to fix these deficiencies.

## III. THE COURT REFERS MR. BOUMAKH TO THE COURT'S FEDERAL PRO SE PROGRAM

Mr. Boumakh also moved the Court to (1) allow him to "proceed pro se as the CEO/President of closely held corporation (with AI-assisted counsel)", (2) give "certification under Rule 11 for submissions by [Mr. Boumakh] with clear AI tool attribution," and (3) appoint "licensed counsel to oversee AI-assisted representation" due to economic hardship. ECF 4 at 1, 6. Mr. Boumakh then moved the Court to appoint counsel, also due to economic hardship. ECF 5.

First, the Court finds that Mr. Boumakh may proceed pro se in representing himself, but that he may not represent corporations Digital-UNI, Nano-TechPower, or Digital Wireless. Corporations and other non-natural entities cannot represent themselves in court—they may "appear in federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 195 (1993); *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir.

United States District Court
Northern District of California

1994) (per curiam); *see also* N.D. Cal. Civ. L.R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."). Mr. Boumakh incorrectly argues that *In re Highly*, 459 F.2d 554 (9th Cir. 1972), states that there is judicial discretion in exceptional circumstances. *In re Highly* does not say this—it instead found that a corporation was not properly before the Court because it was not represented by an attorney. *Id.* at 556–57. The Court warns Plaintiffs that Digital-UNI, Nano-TechPower, and Digital Wireless must secure representation by a licensed attorney, or their claims will be subject to dismissal.

Second, the Court declines to certify all submissions made by Mr. Boumakh with clear AI tool attribution under Federal Rule of Civil Procedure 11. It is premature for the Court to find that all his submissions comply with Rule 11; submissions should and will be assessed on an individual basis. Further, Mr. Boumakh cannot use an attribution to AI to avoid his Rule 11 obligations—it stands that "an attorney or unrepresented party certifies" that they are following their obligations set out in Rule 11(b) by submitting a pleading or motion. Mr. Boumakh remains unrepresented, as AI counsel is not a licensed attorney, and thus remains responsible for complying with Rule 11. The Court additionally warns Mr. Boumakh against relying on "AI counsel," as artificial intelligence often produces nonexistent cases, as shown in his Complaint, or misstates the law, as seen in his Motion to Proceed Pro Se and Request for Appointment of Counsel.

Third, the Court declines both of Mr. Boumakh's motions to appoint counsel. The Court is unclear as to whether Mr. Boumakh is requesting counsel only to oversee his AI-assisted representation or whether he is also requesting counsel to represent him in full in this case. Regardless, there is no right to counsel for indigent litigants who are not at risk of losing his physical liberty if he does not prevail in this lawsuit. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Pursuant to the Northern District of California's General Order Number 25(B)(1), the Court first refers Mr. Boumakh to the Federal Pro Se Program.

As a free service to self-represented civil litigants, the Federal Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice. The Federal Pro Se Program is available by phone appointment at (408) 297-1480. There are also online resources available on the Court's webpage. The Pro Se Handbook, found at: http://www.cand.uscourts.gov/pro-se-litigants/, has a downloadable version of the Court's publication: *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*.

The Court DENIES Mr. Boumakh's motions to appoint counsel at ECF 4 and ECF 5 without prejudice to Mr. Boumakh renewing the motion at a later date. In accordance with General Order 25, the Court first refers Mr. Boumakh to the Federal Pro Se Program.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES without prejudice Mr. Boumakh's application to proceed in forma pauperis. Mr. Boumakh may refile his IFP application, or he must pay the Court's filing fee. If he does not refile or pay the filing fee by June 20, 2025, the Court may recommend the dismissal of the case.

The Court also GRANTS Plaintiffs leave to amend their Complaint. By June 20, 2025, Plaintiffs may file an amended complaint that cures its deficiencies. If Plaintiffs do not cure the deficiencies, this Court may recommend the dismissal of the case.

The Court also in part GRANTS and in part DENIES Mr. Boumakh's motion to proceed pro se, allowing him to represent himself, but not to represent Digital-UNI, Nano-TechPower, or Digital Wireless. The Court also warns Plaintiffs that Digital-UNI, Nano-TechPower, and Digital Wireless must secure representation by a licensed attorney, or their claims will be subject to dismissal.

The Court also DENIES both of Mr. Boumakh's motions to appoint counsel but refers him to the Court's Federal Pro Se Program.

**IT IS SO ORDERED.**

Dated: May 21, 2025

NATHANAEL M. COUSINS
United States Magistrate Judge